**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUTH E. T.,** | : | |
| | : | **Case No. 2:25-cv-00723** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Ruth T.'s Objection (ECF No. 13) to the Magistrate Judge's April 8, 2026, Report and Recommendation. (ECF No. 12). Upon independent review and for the reasons stated below, the Report and Recommendation is **ADOPTED** and Plaintiff's Objection is **OVERRULED**.

## I. BACKGROUND

On October 28, 2021, Plaintiff Ruth T. protectively applied for Supplemental Security Income for mental illness and asthma. (*See* ECF No. 12 at 1). Her application was initially denied, and denied again on reconsideration, before Administrative Law Judge Sheperd held a hearing on March 8, 2023. (*Id.*). On April 7, 2023, Judge Sheperd found that Plaintiff did not meet the Social Security Act's definition of disabled. (*Id.*). The Appeals Council denied review, and so Plaintiff initiated a case in the United States District Court for the Southern District of Ohio, where the Court remanded the case to the Commissioner. *See* Order, *[Ruth T.] v. Comm'r of Soc. Sec.*, Case No. 24-cv-690 (S.D. Ohio Apr. 30, 2024) (Watson, J.) (ECF No. 9). The Appeals Council then remanded this matter; on March 24, 2025, Administrative Law Judge Balter found that the Plaintiff was not disabled. (*Id.* at 2).

Judge Balter's decision followed the five-step evaluation process as provided by regulations governing evaluations of disability. (March 24, 2025 Opinion at 2–3).[1] Per regulation, the five-step evaluation proceeds as follows: step one considers work activity; steps two and three assess medical severity; step four requires an evaluation of residual functional capacity; and step five examines residual function capacity, age, education, and work experience to determine if the applicant can adapt to other work. 20 C.F.R. § 416.920(a)(4). Ultimately, Judge Balter held that Plaintiff was not disabled since October 28, 2021, and Plaintiff's application for Supplemental Security Income was denied. (March 24, 2025 Opinion at 12).

Plaintiff appealed, claiming that Judge Balter's decision was not supported by substantial evidence and was contrary to law and regulation. (Compl., ECF No. 6 at 1). Plaintiff contended that Judge Balter: (1) improperly evaluated the evidence of the record; (2) made an improper residual functional capacity determination; and (3) made a finding—that Plaintiff could perform work existing in a significant number—that was not supported by substantial evidence on the record. (*Id.*; ECF No. 9 at 7–11). The Magistrate Judge recommended that this Court affirm Judge Balter's non-disability finding and enter judgement in favor of Defendant. (ECF No. 12 at 13). The Magistrate Judge found that Judge Balter appropriately considered the entire record, and that Judge Balter's findings regarding the social interaction limitations in the residual function capacity assessment were sufficiently supported. (*Id.* at 4–8).

Plaintiff objected to the Magistrate Judge's findings. In her objection, she asserts that Judge Balter failed to account for the opinion of state agency mental health reviewing experts, who had "opined that [Ruth T.] was limited to superficial interaction with others and required a work

---

[1] All Administrative Law Judge opinions are included in the administrative record. (*See* ECF No. 7).

environment where she could work away from others." (ECF No. 13 at 2). Thus, says Plaintiff, this Court should reverse and award Supplemental Security Income benefits, or, in the alternative, remand to the Commissioner for an appropriate consideration of the evidence under the law. (*Id.* at 4). In response, Defendant urges this Court to adopt the Magistrate Judge's recommendation, affirm denial of benefits, and terminate the case. (ECF No. 14 at 1–2).

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a Report and Recommendation on a dispositive matter and a party objects, the district court "must determine" the portions of the Report and Recommendation properly objected to "de novo." Fed. R. Civ. P. 72(b)(3). Upon review, the district court "may accept, reject, or modify, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. LAW AND ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's recommendation, reverse the claim, and award benefits. (ECF No. 13 at 4). In her objection, Plaintiff asserts that Judge Balter's residual function capacity determination was erroneous because Judge Balter failed to include limitations that Plaintiff must be limited to "superficial" interactions with co-workers and work in an environment away from others. (*Id.* at 2). Plaintiff objects because she finds Judge Balter's explanation for not including these limitations in the residual function capacity to be insufficient. (*Id.*). Plaintiff argues that because the state's psychologists found that Plaintiff should be limited to "superficial" interactions and a work environment away from others, Judge Balter should have included these limitations in the residual function capacity or explained why he did not incorporate them. (*Id.* at 3). Plaintiff accordingly objects to the Magistrate Judge's recommendation that the denial of benefits be affirmed. (*Id.* at 2).

Plaintiff's objection fails because it is too perfunctory. Although Plaintiff critiques the Administrative Law Judge's reasoning as being too difficult to "trace," (ECF No. 13 at 3), Plaintiff's objection ironically suffers from a similar problem. Plaintiff's minimal objection barely engages with either the Magistrate Judge's Report and Recommendation or Judge Balter's decision, let alone the voluminous record. And although Plaintiff's objection is ostensibly to the Magistrate Judge's Report and Recommendation, she suggests that "[t]he issue here boils down to [Judge Balter's] failure to explain his reasoning." (*Id.* at 2). That is not the case on this procedural posture, where this objection must specifically address the *Magistrate Judge's* reasoning. *E.g.*, *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482–83 (6th Cir. 2001) (finding objection waived where the objector "did not specifically address how the [magistrate judge's] report's factual and legal recommendations were incorrect").

While Plaintiff acknowledges that "[t]he Magistrate Judge cited to various cases" in support of the Report and Recommendation, (ECF No. 13 at 2), Plaintiff does not engage with these cases. This is insufficient to preserve the issue, as "[i]t is not sufficient for a party to mention [an] argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted); *accord McCafferty v. Comm'r of Soc. Sec.*, 2023 WL 3737511, at *2 (6th Cir. May 31, 2023) ("We do not address arguments raised in a perfunctory manner."). Aside from assertions regarding Administrative Law Judge Balter's errors, Plaintiff "does not explain how or provide any authoritative support as justification" for this Court to see how the Magistrate Judge erred, and this Court "is under no obligation to develop this argument on [Plaintiff's] behalf." *Teresa J. v. Comm'r of Soc. Sec.*, 2026 WL 2100182, at *3 (W.D. Ky. July 21, 2026).

Even though Plaintiff does seek to incorporate her Statement of Specific Errors considered by the Magistrate Judge, (*see* ECF No. 13 at 2), that practice is "disfavor[ed]." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (suggesting that incorporated arguments, though noncompliant, may be considered by federal courts in the interest of justice). Courts generally find that such attempts "do[] not meet the specificity requirement and amount[] to a general objection." *Annabel v. Mich. Dep't of Corr.*, 2021 WL 3721288, at *1 (W.D. Mich. Aug. 23, 2021); *accord Mayer v. Anderson*, 2009 WL 1405842, at *1 (N.D. Ohio May 18, 2009). This is a fundamental problem for Plaintiff, because "[a] general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 13) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 17, 2026**